UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN N. ARISPE,

       Plaintiff,                      CIVIL ACTION NO. 05 CV 40326 FL

     v.                              DISTRICT JUDGE PAUL V. GADOLA

JO ANNE B. BARNHART,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This Social Security case comes before the court on the Commissioner's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, the court recommends that the Commissioner's motion be granted.

**II. Background**

      In February of 2001, a jury found plaintiff guilty of various drug offenses following a trial before District Judge David Lawson. On September 10, 2001, Judge Lawson sentenced plaintiff to a term of imprisonment of 121 months on Count I of the indictment, to be served concurrently with terms of imprisonment imposed on the other counts under which plaintiff was found guilty. Plaintiff is currently serving that sentence at a federal prison camp in Beaumont, Texas.

At the time of the criminal proceedings, plaintiff was receiving Social Security retirement benefit payments.  However, in accordance with 42 U.S.C. § 402(x)(1)(A)(I), the Social Security Administration (SSA) sent a notice to plaintiff, dated December 14, 2001, informing him that his benefit payments were being terminated based upon his incarceration.[1]  (See attachments to plaintiff's complaint).  The notice further stated that the benefits should have been terminated as of August, 2001, and that plaintiff received $3,940 in payments that he was not entitled to as a result of the delay.  The SSA requested that plaintiff refund the overpayment within 30 days or arrange to pay the balance due in installments.  The notice further advised plaintiff that if he disagreed with the determination, he had the right to file a request for reconsideration within 60 days of the date on which he received the notice.

Plaintiff contends in his response to the Commissioner's motion that he did not receive the December 14, 2001 notice because it was sent to his Saginaw, Michigan address, rather than to the prison camp at which he was, and is, incarcerated, and was never forwarded to him. Plaintiff claims that the first written notice he received of the termination was a September 27, 2003 letter from Kathryn Walker, the District Manager for the SSA Office in Beaumont, Texas.

---

[1] 42 U.S.C. § 402(x)(1)(A)(i) provides the following:
(1)(A)  Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual –
    (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense[.]

Plaintiff further contends in his response brief that on November 17, 2003, he "wrote a detailed letter to Ms. Walker, at the SSA Office Beaumont Texas. Arispe did not receive a reply to that letter." Though he attached certain documents to his complaint, plaintiff did not submit copies of either the letter from Ms. Walker or his November 17, 2003 letter. Further, plaintiff has not offered any details as to what he stated in his "detailed" letter to Ms. Walker. In any event, on December 16, 2004 and January 21, 2005, plaintiff sent letters to the SSA's Office of Public Inquiries in Baltimore, Maryland, requesting information regarding the procedures for appealing the termination of his benefits. (See attachments to plaintiff's complaint) He subsequently sent letters to Ms. Walker, dated February 24, 2005, and to the SSA's Mid-America Program Service in Kansas City, Missouri, dated March 17, 2005, objecting to the termination of his benefit payments and seeking reconsideration of the decision. Id.

On April 13, 2005, Ramona Schuenemeyer, an official with the Mid-America Program Service, sent a letter to plaintiff, addressed to the federal prison camp at Beaumont, Texas, stating that plaintiff's benefit payments were terminated based upon his incarceration pursuant to § 202(x) of the Social Security Act, 42 U.S.C. § 402(x). Ms. Schuenemeyer further stated:

> We have dismissed your request for reconsideration dated January 17, 2005 because the issue is the same as that determined previously in your case on December 14, 2001. Since you have submitted no new evidence, and the facts in your case have not changed, the determination we made on December 14, 2001, is the final decision of the Social Security Administration in your case.

(See attachments to plaintiff's complaint) On April 20 and July 29, 2005, plaintiff sent letters to Ms. Schuenemeyer requesting a hearing before an administrative law judge (ALJ). Id. On

August 31, 2005, plaintiff sent another letter to Ms. Schuenemeyer, stating that he was construing the lack of any response to his April 20 and July 29 letters as a denial of his request for a hearing. Plaintiff also requested review by the SSA's Appeals Council. Id. On October 24, 2005, plaintiff filed the instant complaint for judicial review pursuant to 42 U.S.C. § 405(g).

The Commissioner has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), claiming that plaintiff has not fully exhausted his administrative remedies and, therefore, that the court lacks jurisdiction to review the matter under § 405(g). For the reasons set forth below, the court agrees.

### III. Analysis

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive jurisdictional basis for judicial review of a decision of the Commissioner. See 42 U.S.C. § 405(h)("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided"). That provision states, in relevant part, the following:

> Any individual, after any final decision of the Commissioner of Social Security, made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Under this provision, "two elements are necessary to establish federal court jurisdiction to review decisions of the [Commissioner]. First, a claimant must exhaust his administrative remedies and,

second, the [Commissioner] must issue a final decision." Pohlmeyer v. Secretary of Health and Human Services, 939 F.2d 318, 320 (6th Cir. 1991).

The Social Security Regulations set forth the administrative procedures a claimant must follow in seeking review of an adverse benefits determination. See 20 C.F.R. § 404.900. Upon receipt of an initial determination denying an application for benefits or terminating benefits, the claimant has 60 days to request reconsideration of the initial determination. 20 C.F.R. § 404.909. If the claimant is dissatisfied with the reconsideration determination, he may file a request for a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant must request a hearing within 60 days of the date on which he received notice of the prior determination. 20 C.F.R. § 404.936(b)(1). The ALJ will either dismiss the request for a hearing or conduct a hearing and then issue a written decision regarding the claim. 20 C.F.R. §§ 404.953, 404.957. If the claimant is dissatisfied with the dismissal of his request for a hearing or with the ALJ's decision, he may request review by the Appeals Council within 60 days of his receipt of notice of the ALJ's decision. 20 C.F.R. §§ 404.967, 404.968. If the Appeals Council grants the request, it may take one of several courses of action, included issuing its own decision or remanding the matter to the ALJ for further proceedings. Id. Depending upon the action taken, the claimant may seek further review before the Appeals Council. If the Appeals Council denies the request, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 404.981.

Once the Appeals Council has reached a final determination, either by rendering its own decision or denying a request for review of the ALJ's decision, the claimant may seek judicial review pursuant to 42 U.S.C. § 405(g). Absent an extension of time by the Commissioner, a

claimant must file suit within 60 days of receiving notice of the Appeals Council's decision. 20 C.F.R. §§ 404.981, 404.982. The regulations further provide that if the claimant does not timely seek review of a decision at any step in the administrative process, the decision becomes binding. 20 C.F.R. §§ 404.05, 404.921, 404.955. As noted above, a claimant must fully exhaust his administrative remedies and obtain a final decision from the Commissioner in order to seek judicial review under § 405(g). Absent the fulfillment of both of these requirements, a district court lacks jurisdiction to review the administrative decision. Pohlmeyer, supra, 939 F.2d at 320.

The Commissioner claims that plaintiff has not obtained a judicially reviewable "final decision," and, therefore, that the matter must be dismissed for lack of subject matter jurisdiction. The Commissioner is correct. Plaintiff received notice on April 13, 2005 that his request for reconsideration of the initial termination decision had been dismissed. Plaintiff then timely filed a request for a hearing before an ALJ. That request has not been addressed, and is still pending before the SSA. While plaintiff may be of the belief that there has been an inordinate delay in the processing of his request for a hearing, the fact remains that the request is still pending.[2] Therefore, plaintiff has not yet exhausted his administrative remedies. Accordingly, the court lacks jurisdiction to review the termination of his retirement benefit payments.

---

[2] While the SSA's processing of plaintiffs' objections to the termination of his benefits has not been swift, it appears that the delay in the processing of his request for a hearing before an ALJ is not out of the ordinary. The Commissioner asserts in her brief, at p. 8, fn. 1, that the SSA "hears over one-half million claims at the ALJ level per year" and that the "average length of time that a request for hearing [took] to process in fiscal year 2005 was 443 days."

In passing, the court notes that the claim alleged in plaintiff's complaint is, notwithstanding the jurisdictional issue, frivolous. Plaintiff's claim of continuing entitlement to Social Security retirement benefits is premised upon the contention that 42 U.S.C. § 402(x)(1)(A)(I), the portion of the Social Security Act that bars inmates from receiving Social Security benefits, is in conflict with 21 U.S.C. § 862(a), which permits a district court to deem a drug offender ineligible for certain Federal benefits. Plaintiff contends that under the rule of lenity, his Social Security payments must continue because Judge Lawson did not deem him ineligible to receive Federal benefits in the underlying criminal proceedings. Regardless of any other infirmities in plaintiff's claim, § 862, by its express terms, does not apply to Social Security retirement benefits, as stated in § 862(d)(1)(B): "[T]he term 'Federal benefit'...does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." Thus, there is no conflict between 42 U.S.C. § 402(x)(1)(A)(I) and 21 U.S.C. § 862(a), and absolutely no merit to the claim alleged in plaintiff's complaint.

## IV. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


                              s/Virginia M. Morgan  
                              VIRGINIA M. MORGAN  
Dated:   May 4, 2006          UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon Juan Arispe, Social Security Administration and counsel of record via the Court's ECF System and/or U. S. Mail at the address disclosed on the notice of electronic filing on May 4, 2006.

                              s/Jennifer Hernandez  
                              Case Manager to  
                              Magistrate Judge Virginia M. Morgan