UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN N. ARISPE,

                                Plaintiff,

                                          CIVIL CASE NO. 05-40326

v.

COMMISSIONER OF SOCIAL SECURITY,       HONORABLE PAUL V. GADOLA
                                      U.S. DISTRICT COURT
                           Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before this Court are Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction filed on March 15, 2006 and Magistrate Judge Virginia M. Morgan's Report and Recommendation issued on May 4, 2006. The Magistrate Judge served the Report and Recommendation on the parties, and notified the parties that any objections must be filed within ten days of service. Plaintiff filed objections to the Report and Recommendation. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation, thereby granting Defendant's motion to dismiss.

I.      **Background**

Plaintiff Juan Arispe, a *pro se* litigant, seeks judicial review of Defendant Commissioner of Social Security's decision suspending his retirement benefit payments upon his incarceration in federal prison on August, 28, 2001. In February 2001, a jury found Plaintiff guilty of various drug offenses. Plaintiff was sentenced on September 10, 2001 to a term of imprisonment of 121 months. Plaintiff is currently serving his sentence at a federal prison camp in Beaumont, Texas.

Before Plaintiff's imprisonment, Plaintiff was receiving Social Security retirement benefit payments. In accordance with 42 U.S.C. § 402(x)(1)(A), the Social Security Administration ("SSA") sent a notice to Plaintiff dated December 14, 2001, informing him that his benefit payments were being terminated due to his incarceration. 42 U.S.C. § 402(x)(1)(A) provides the following:

> Notwithstanding any other provision of this title [42 U.S.C. §§ 401 *et seq.*], no monthly benefits shall be paid under this section or under section 223 [42 U.S.C. § 423] to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual –
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

42 U.S.C. § 402(x)(1)(A). Plaintiff disputes the fact that he ever received this notice. Over the next several years, there was a series of letters sent to and from Plaintiff concerning Plaintiff's entitlement to the retirement benefits. Of relevance to the current case is the fact that Plaintiff has requested reconsideration of the decision to deny benefits, and that this request for reconsideration was denied in an April 13, 2005 letter sent to Plaintiff. Plaintiff has also requested a hearing before an administrative law judge ("ALJ"). On September 16, 2005, the Office of Hearings and Appeals wrote to Plaintiff explaining that they received Plaintiff's request for a hearing before an ALJ. That request for a hearing before the ALJ is currently pending before the SSA.

Plaintiff filed this civil suit on October 24, 2005. Defendant then moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P 12(b)(1), arguing that the case should be dismissed because Plaintiff has not yet received the Social Security Commissioner's final decision, and thus, Plaintiff cannot seek judicial review of the case at this time. The Magistrate Judge recommended granting Defendant's motion and Plaintiff filed objections to the recommendation.

## II.     Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation

depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Id.* The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo.*

###### III.    Analysis

After reviewing the entire administrative record in this case, the Court finds that the reasoning and conclusions of Magistrate Judge Morgan in her Report and Recommendation are correct.  Defendant is requesting a review of the decision denying SSA benefits.  This Court has authority to review a decision concerning SSA benefits pursuant to 42 U.S.C. § 405(g).  *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.").  Before this Court can review a SSA decision, however, two elements must be established for proper federal court jurisdiction.  "First, a claimant must exhaust his administrative remedies and, second, the [Commissioner of Social Security] must issue a final decision."  *Pohlmeyer v. HHS*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)).

In this case, Defendant correctly argues that there is no final decision yet, and thus, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.  Plaintiff filed a timely request for a hearing before an ALJ.  On September 16, 2005, Plaintiff obtained notice from the Office of Hearings and Appeals that Plaintiff's request for a hearing before an ALJ had been received.  Defendant admits that this request has not yet been addressed and is still pending before the SSA.  Defendant further explains that even if there has been delay in processing Plaintiff's request for a hearing before an ALJ, this delay is not out of the ordinary.  In explaining the reasons for the delay, Defendant states that the SSA hears over one-half million claims per year at the level of the ALJ and that, in the 2005 fiscal year, the average length of time for a request for a hearing to

process was 443 days.  After the ALJ makes a decision, Plaintiff can then request a review by the

Appeals Council.  Only after this review by the Appeals Council does the SSA decision become

final.  *See* 20 C.F.R. §§ 404.900-404.982.

In conclusion, since there has not yet been a final decision of the SSA, this Court lacks

jurisdiction to review the termination of Plaintiff's retirement benefit payments.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the

Magistrate Judge's Report and Recommendation [docket entry 14] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 13] is

**ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [docket entry 10] is

**GRANTED**.

**SO ORDERED.**

Dated:   November 14, 2006                          s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 15, 2006  , I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send notification of such filing
to the following:
                                        Janet L. Parker                        , and I
hereby certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants:                    Juan N. Arispe                    .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845

---