UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN ARISPE,

                Plaintiff,

                                          CIVIL CASE NO. 05-40326

v.

                                          HONORABLE PAUL V. GADOLA

COMMISSIONER OF SOCIAL SECURITY,        U.S. DISTRICT COURT

                Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court are Plaintiff's motion for reconsideration and motion for leave to file a supplement. For the reasons that follow, the Court will deny the motions.

On November 14, 2006, this Court entered an order accepting and adopting the Report and Recommendation of Magistrate Judge Virginia Morgan, thereby granting Defendant's motion to dismiss the case. Subsequently, Plaintiff filed a motion for reconsideration, dated December 8, 2006. Plaintiff also filed a motion for leave to file a supplement, dated March 5, 2007.

Plaintiff is a felon currently incarcerated at a federal prison camp in Beaumont, Texas. Plaintiff was sentenced on September 10, 2001 to a term of 121 months for various drug offenses. Before Plaintiff's imprisonment, he was receiving Social Security retirement benefits. In December 2001, in accordance with 42 U.S.C. § 402(x)(1)(A), the Social Security Administration informed Plaintiff that his retirement benefit payments were being terminated due to his incarceration. 42 U.S.C. § 402(x)(1)(A) provides the following:

    Notwithstanding any other provision of this title [42 U.S.C. §§ 401 et seq.],
no monthly benefits shall be paid under this section or under section 223 [42 U.S.C.

§ 423] to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual –
(i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

42 U.S.C. § 402(x)(1)(A).

When this Court initially dismissed Plaintiff's suit in November 2006, there had not been a final decision from the Social Security Administration. Accordingly, this Court lacked jurisdiction to review the termination of Plaintiff's benefits. *See Pohlmeyer v. HHS*, 939 F.2d 318, 320 (6th Cir. 1991).

When Plaintiff filed his motion for reconsideration in December 2006, there still had not yet been a final decision from the Social Security Administration. Plaintiff conceded that he had received notice, in a letter dated September 16, 2005, stating that Plaintiff's request for a hearing before an Administrative Law Judge ("ALJ") had been received and was still pending. Thus, at the time of the motion for reconsideration, this Court continued to lack jurisdiction over Plaintiff's case.

In Plaintiff's March 2007 supplemental brief, Plaintiff alleges that on January 23, 2007, he received a copy of a Notice of Dismissal from the ALJ dismissing Plaintiff's request for a hearing. The Notice of Dismissal also stated that Plaintiff could appeal the ALJ decision and gave Plaintiff the address stating where to file the appeal. In Plaintiff's supplemental brief, Plaintiff argues that there is nothing to appeal because the ALJ notice of dismissal addresses a claim for disability benefits and fails to address Plaintiff's claim for Social Security retirement benefits.

The Court only has jurisdiction to review a "final decision" of the Social Security Administration. A decision becomes final only after the Appeals Council considers the decision of

the ALJ. *See* 20 C.F.R. §§ 404.900-404.982. Here, it is unclear to the Court whether the Appeals Council has had the opportunity to review the decision of the ALJ. Plaintiff argues that the ALJ does not address his claim and thus there is nothing to appeal. However, if there is a problem in the ALJ decision, this should be brought to the attention of the Appeals Council. Accordingly, since there is still no final decision of Social Security Adminstration, this Court does not have jurisdiction over Plaintiff's case.

In addition, the Court notes that the Magistrate Judge's Report and Recommendation found that Plaintiff's cause of action was frivolous. The Magistrate Judge found that contrary to Plaintiff's allegations, there was no conflict between 42 U.S.C. § 402(x)(1)(A)(I) and 21 U.S.C. § 862(a), and thus, Plaintiff was not entitled to Social Security retirement benefits. On this point, the Court finds that the reasoning of the Magistrate Judge is correct.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [docket entry #16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a supplement to the motion for reconsideration [docket entry #17] is **DENIED**.

**SO ORDERED.**

Dated: July 20, 2007            s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 20, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Janet L. Parker                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Juan N. Arispe                .


                                                                             s/Ruth A. Brissaud
                                                                            Ruth A. Brissaud, Case Manager
                                                                            (810) 341-7845